**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ELIAS SALAZAR,

      Defendant - Appellant.

No. 05-4243

(D. Utah)

(D.C. No. 2:04-CR-819-TC)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

Elias Salazar appeals from his sentence on a conviction for possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). He contends that the district court should have granted him a downward adjustment for acceptance of responsibility under United States Sentencing Guidelines (USSG) § 3E1.1 (2005).

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We disagree and affirm the sentence. We have jurisdiction under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291.

Mr. Salazar had been arrested for firing a handgun from a moving car at a house after he had been disinvited from a party there. At trial Mr. Salazar either stipulated to or testified to each of the elements of the charged offense—that he possessed a firearm, it had traveled in interstate commerce, and he had previously been convicted of a crime punishable by imprisonment for more than one year. But he defended the charge on the ground that possession of the gun was justified because he fired it in self-defense. Witnesses for the government disputed his version of events.

The jury convicted Mr. Salazar. At sentencing he argued that he should be given an adjustment for acceptance of responsibility because he had admitted all the facts necessary to convict him. *See* USSG § 3E1.1 (providing for two-level decrease in offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense").

Application note 2 to USSG § 3E1.1 states that the provision is not intended to apply to defendants who exercise their right to trial, although "in rare situations" the adjustment still may apply, as when a defendant "goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge . . . .)." The district court emphasized that Mr. Salazar's

"justification defense is not really a constitutional challenge[, i]t was a factual challenge." R. Vol. IV at 11. Moreover, the court expressed its belief that he had lied on the witness stand. Therefore, in the court's view, this was not one of the rare situations in which the adjustment might apply. The court sentenced him to 77 months in prison.

"Whether the facts of a particular case warrant a reduction for acceptance of responsibility is a question of fact that we review under the clearly erroneous standard." *United States v. Dazey*, 403 F.3d 1147, 1172 (10th Cir. 2004). "'The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.'" *Id.* (quoting USSG § 3E1.1 cmt. n.5).

We agree with the district court that there were no exceptional circumstances to make this one of the "rare situations" in which the adjustment applies despite the defendant's having gone to trial. Indeed, Mr. Salazar's perjury at trial could in itself present a bar to this adjustment. *See United States v. Sarracino*, 340 F.3d 1148, 1174 (10th Cir. 2003) ("[F]alse testimony that results in an enhancement for obstruction of justice generally is inconsistent with an adjustment for acceptance of responsibility."); USSG § 3E1.1 cmt. n.4 (perjury or other obstruction of justice ordinarily indicates that the defendant has not accepted responsibility).

Because the district court could properly find on this record that Mr. Salazar had not accepted responsibility for his actions, we AFFIRM the sentence below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge